**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,

    v.

James Allan Siegrist,

                Defendant.

**ORDER DENYING**
**MOTION FOR RESTORATION**
**OF RIGHTS**
Criminal No. 19-18 ADM

_____

        This matter is before the undersigned United States District Judge for a ruling on Defendant James Allan Siegrist's pro se Motion to for Restoration of Rights [Docket No. 9]. Siegrist specifically requests restoration of his Second Amendment right to bear arms.  Mot. at 3. The motion is denied for lack of jurisdiction and because it fails on the merits.

        In 2013, Siegrist was found guilty by a jury in the District of North Dakota of two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  He was sentenced to 84 months' imprisonment to be followed by 3 years of supervised release.  The case was transferred to the District of Minnesota in 2019 during his period of supervision, which is now complete.

        On April 10, 2026, Siegrist filed this motion asking the court to restore his right to bear arms, contending that his conviction violated the Second Amendment as applied to him.  Mot. at 2.  He unsuccessfully made similar arguments in his direct and collateral appeals.  *See United States v. Siegrist*, 595 F. App'x 666, 667 (8th Cir. 2015) (per curiam); *United States v. Siegrist*, CR. No. 1:13-62 (DLH) (D.N.D.) [Docket No. 264].

The court lacks jurisdiction to consider this Motion.  As the United States Supreme Court has held, a party seeking to restore Second Amendment rights must first petition the Bureau of Alcohol, Tobacco, and Firearms ("ATF") for such relief.  *United States v. Bean*, 537 U.S. 71, 77-78 (2002).  "[A] district court cannot grant relief on its own, absent an antecedent actual denial by ATF."  Id. at 78.  There is no indication that Siegrist has followed this requirement.

Even if properly before the Court, Eighth Circuit Court of Appeals precedent forecloses his claim.  See  *United States v. Jackson*, 110 F.4th 1120, (8th Cir. 2024, cert. denied, 145 S. Ct. 2520 (2025) (holding that § 922(g) is facially constitutional and constitutional as applied to any defendant convicted of a qualifying felony).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant James Allan Siegrist's Motion for Restoration of Rights [Docket No. 9] is **DENIED**.


BY THE COURT:

Dated:  May 20, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

2